# In the United States District Court for the District of New Mexico

**BILLY A MERRIFIELD,**

      Plaintiff - Petitioner,

**vs**                                       No. 08-CV-00122 RLP/ACT

**BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF SANTA FE**, et al,

      Defendants - Respondents.

## PLAINTIFF'S MOTION TO CERTIFY QUESTION TO THE NEW MEXICO SUPREME COURT

Pursuant to NMSA 1978, § 39-7-1 *et. seq.*, Plaintiff moves this Court for order requesting the New Mexico Supreme Court to answer a question of law that will materially advance the litigation in this case for which there is no controlling appellate decision, statute or constitutional provision.   The New Mexico Supreme Court requires in a Certification Order setting out certain criteria as set forth in NMSA 1978, § 39-7-7. Counsel has tracked those criteria in this motion.

Plaintiff's counsel has made a good faith effort to resolve this matter prior to filing this matter.  Defendants' counsel for the County, Abeyta, Salazar and Romero opposes this motion.

**Conventions:**

"RP" means the record proper that was filed by opposing counsel and bates numbered.  It is the entire administrative record including all exhibits and discovery that was not necessarily admitted into evidence.

**Why this Court Should Certify the Question:**

New Mexico provides an avenue to courts in other jurisdictions and to our federal courts to answer questions of state law.  By certifying a question of significant public importance avoids inconsistent results between the federal courts and the state courts on state law questions and ensures a state law question is answered appropriately.

There are several examples where the federal courts and state courts have differed on their respective interpretations of state law.  Here are two:  In Garcia v. Board of Educ. of Socorro Consol. School Dist., 777 F.2d 1403 (10th Cir.1985), cert. denied, 479 U.S. 814-, 107 S.Ct. 66, 93 L.Ed.2d 24 (1986), the Tenth Circuit ruled that the school board was an arm of the state and therefore the Eleventh Amendment applied.  The New Mexico Supreme Court in Daddow v. Carlsbad Municipal School Dist., 120 N.M. 97, 898 P.2d 1235 (1995),  held that the a school board is not an arm of the state.   The Tenth Circuit certified a question of law in State v. State Farm Mutual Auto Ins. Co., 2004-NMSC-004, 135 N.M. 106, 85 P.3d 230.  The result was that federal district court decision was reversed.

Because the answer to this question to be certified involves state law, this Court should not guess and instead allow the New Mexico Supreme Court to provide the guidance and answer to avoid later inconsistent results, especially when the answer to this question will affects tens of thousands of public employees through out New Mexico. These public employees work for the state, county and municipality.

**Question of Law to be Answered**:

In the context of public employment and where there is no articulated standard of review in the statute, regulation, policy,  or ordinance, does the hearing officer review *de novo* not only the evidence but also the penalty or sanction to be assessed?

**Facts**:

On 9 September 2000, the County of Santa Fe promulgated Rules and Regulations governing among other items, discipline of employees.  Rule 8 governs the disciplinary process, a copy of that entire Rule is attached as Exhibit 1.   Rule 8.11 sets forth the hearing procedures.  The County bears the burden of proof by the preponderance of evidence.  Both sides have the ability to question witness under oath and both sides have the ability to introduce into evidence documents.  At the conclusion of the evidence, each side is afforded an opportunity to make a closing statement.  Rule 8 is silent on the standard of review the hearing officer is follow in hearing an appeal from an employee.  Rule 8(C) does read in pertinent part: "The hearing officer may uphold, modify, or reverse the decision of the County Manager, and may reinstate the employee and award back pay and benefits."

The hearing officer *sua sponte* asked the question on whether she reviews management's decision *de novo* or whether management's decision is supported by substantial evidence, not arbitrary or capricious and not contrary to law.  The parties briefed the subject.

The hearing officer held that the appropriate standard of review was not *de novo* but rather whether management's decision was supported by substantial evidence, was not arbitrary and capricious and not contrary to law.  Arbitrator's Decision at page 6-7 (RP 1142-43).  The hearing officer affirmed the termination, but noted that if she were making the decision *de novo*, should would not have terminated the worker but rather would have demoted him to a non supervisory position and suspended him for a period of five weeks. Arbitrator's Decision at page 17 fn. 2 (RP 1153).

3

**Statement of Reformulation**:

The New Mexico statute requires the acknowledgment that the Supreme Court of New Mexico may reformulate the question in accordance with NMSA 1978, § 39-7-7(A)(3).

**Basis for Granting the Certification**:

The answer to this question will affect tens of thousands of public employees who are governed either by statutes, ordinances, collective bargaining agreements, or regulations which have no articulated guidance  on hearing officer's standard of review of a management's disciplinary decision.  For example, the City of Santa Fe personnel ordinance contains no articulated standard of reviewing personnel decisions.  City of Santa Fe Rule 7.52(O)(2) states: "The hearing officer may uphold, modify, or reverse the decision of the City Manager." (Exhibit 2).   Likewise, the New Mexico State Personnel Act, NMSA 1978, § 10-9-1, *et seq.*  and its regulations, Rule 1.7.12 NMAC 2008, contain no specific guidance.   There does appear a line of substantial line of authority that the default rule is  where the scope of review is not stated, the hearing officer reviews the employer's penalty *de novo*.   National Academy of Arbitrators, THE COMMON LAW OF THE WORKPLACE § 10.23[1] (St. Antonie, ed. 2005); Elkouri and Elkouri, HOW ARBITRATION WORKS 958-969 (6th ed. 2003); In re McInery Spring & Wire Co.., 21 LA 80, 82 (Smith, arb. 1953).  However, there is no direct New Mexico law on point.  The closest case counsel could locate is In re Termination Kibbe, 2000-NMSC-006 at ¶ 10, 128 N.M. 629, 631 996 P.2d 419, 421, where the New Mexico Supreme Court held  the appropriate standard of review is *de novo* of employer's penalty by the hearing officer.  However, the decision in Kibbe is based on the statute which specifically provides for *de novo* review of

---

[1]This book is similar to a RESTATEMENT OF LAW in how it is presented and formatted.

the penalty by the hearing officer.  Counsel was unable to locate any other New Mexico

authority.

The answer to this question will materially advance the conclusion of this case. This

is a major issue that would necessitate reinstatement with a demotion to a non supervisory

position with back pay and benefits.  Arbitrator's Decision at page 17 fn. 2 (RP 1153).  It

will also impact his civil rights claims in part.  However, this Court would still need to

address the other issues raised in the motion to reverse the administrative decision.

**Counsel of the Parties**:

Michael Schwarz
Counsel for Plaintiff
P O Box 1656
Santa Fe, NM 87504-1656
505.988.2053

Kevin Brown
Counsel for Defendant County, Abeyta,
Salazar, and Romero
2901 Juan Tabo Blvd. NE #208
Albuquerque, NM 87112-1885
505.292.9676

Daniel J. Macke
Counsel for Defendant Parrish
500 Marquette Ave. NW, Suite 700
Albuquerque, NM 87102-5346
505.242.2228

WHEREFORE, Plaintiff prays that this Court issue a Certification Order to the New

Mexico Supreme Court in accordance with § 39-7-7.

Respectfully submitted

MICHAEL SCHWARZ
Counsel for Plaintiff
NM Bar No. 2412 ▪ Federal Bar No. 9485
P O Box 1656
Santa Fe, NM 87504-1656
505.988.2053 ▪ 505.983.8656 (FAX)

## CERTIFICATE OF SERVICE

I certify that on 23 September 2008 that I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing to:

Kevin M Brown
kevin@brownandgerman.com

Daniel J. Macke
dan@roblesrael.com

MICHAEL SCHWARZ