IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY A. MERRIFIELD,
    Plaintiff,

v.                                            CIV-08-122 LCS/ACT

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SANTA FE, in its
official capacity, ROMAN ABEYTA, in his individual
and official capacities, BERNADETTE SALAZAR,
in her individual and official capacities,
ANNABELLE ROMERO, in her individual and
official capacities, GREG PARRISH, in his
individual and official capacities, and ROBERT APODACA,
in his official and individual capacities,
    Defendants.

## DEFENDANTS BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF SANTA FE, ROMAN ABEYTA, BERNADETTE SALAZAR AND ANNABELLE ROMERO'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO THE NEW MEXICO SUPREME COURT

Defendants Board of County Commissioners for the County of Santa Fe, Roman Abeyta, Bernadette Salazar and Annabelle Romero, by and through their attorneys, Brown & German, Kevin M. Brown, hereby submit their Response to Plaintiff's Motion to Certify Question to the New Mexico Supreme Court.

New Mexico Rule of Appellate Procedure 12-607(A) gives the Supreme Court of New Mexico the discretion to choose to answer unsettled questions of state law only if such a question would be determinative of an issue in pending litigation and it is not resolved by applicable state law. Plaintiff has filed this lawsuit seeking constitutional review of an administrative decision. *See* First Amended Complaint [Doc. 58]. As this Court has recognized, because Plaintiff is seeking this type of relief, New Mexico Rule of Civil Procedure 1-075 applies to this matter. *See* Memorandum Order and Opinion [Doc. 53] at p. 9. Rule 1-075(Q) specifically states the scope of review this Court must utilize in considering

1

an agency's decision. If a hearing officer's decision supported by substantial evidence and in accordance with law then the decision should be upheld. NMRA 1-075(Q)(2) and (4). These provisions are in accordance with federal law regarding review of arbitration. *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 (2008)(restating prior holding in *Wilko v. Swan,* 346 U.S. 427 (1953), that "interpretations of the law by the arbitrators in contrast to manifest disregard [of the law] are not subject, in the federal courts, to judicial review for error in interpretation."); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)(Court will set aside arbitrator's decision "only in very unusual circumstances."). Thus "[t]o warrant setting aside an arbitration award based on manifest disregard of the law, the record must show the arbitrators knew the law and explicitly disregarded it." *Hollern v. Wachovia Securities, Inc.*, 458 F.3d 1169, 1176 (10th Cir. 2006).

Plaintiff has misconstrued the Court's role in this proceeding. Contrary to his arguments, it is immaterial whether or not the hearing officer should have reviewed the employer's penalty *de novo*. Pursuant to Rule 1-075(Q) and the above cited federal law, the Court must only determine whether the hearing officer's decision *not* to apply that standard of review in analyzing the penalty was supported by law. That question is clearly answered in the affirmative.

In her Arbiter's Decision, the hearing officer addressed Plaintiff's argument that she should conduct a *de novo* review on what she believes should be the appropriate discipline. Arbiter's Decision, Exhibit 2 to Plaintiff's original Complaint [Doc. 1-3] at p.6. After being briefed by the parties, she relied upon *Douglas v. Veterans Administration*, 5 MSPB 313 (1981), *Atlantic Richfield Co.*, 69 LA 484 (1977), and *In re Pepsi Cola Bottlers of Akron, Inc. and Truck Drivers Local 348, IBT*, 1986 WL 38542, in holding that a reviewing authority such as herself was "not free to simply substitute its judgment for that of the employing agency," and that

the employer's penalty must be upheld. Arbiter's Decision at p. 6.  These cases are not the only law supporting such a position. *See, e.g., West Chester Area School Board v. West Chester Area Education Assoc.*, 1991 WL 320004 ("It is not the arbitrator's job to substitute his judgment concerning appropriate discipline for that of the School Board.")  By nature of his motion, Plaintiff agrees that there are no controlling opinions issuing from New Mexico's courts.

Plaintiff's Motion fails to satisfy the first requirement of New Mexico Rule of Appellate Procedure 12-607(A).  Because the question which Plaintiff seeks to have certified is not within the scope of this Court's review (as determined by New Mexico Rule of Civil Procedure 1-075(Q)), it is not determinative of an issue in pending litigation.  Therefore it does not fall within the scope of Rule 12-607(A) and is not subject to certification. Moreover, the record before this court clearly reflects that the Arbitrator's decision was based upon applicable law and was not made in manifest disregard of any controlling authority, and thus it should not be upset pursuant to *Hall Street Assoc.*, *First Options* and *Hollern*.

Accordingly, Plaintiff's Motion to Certify Question to the New Mexico Supreme Court should be denied.

Respectfully Submitted:

*BROWN & GERMAN*

/s/ Kevin M. Brown, Attorney at Law
KEVIN M. BROWN
Attorney for Santa Fe County, Roman Abeyta, Bernadette Salazar, and Annabelle Romero
2901 Juan Tabo NE, Suite 208
Albuquerque, NM 87112
(505) 292-9676

I HEREBY CERTIFY that on the 9th day of October, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Michael Schwarz
    barrister@pobox.com

    Daniel J. Macke
    dan@roblesrael.com

    /s/
Kevin M. Brown, Attorney for Defendants