# In the United States District Court
# for the District of New Mexico

**BILLY A MERRIFIELD,**

    Plaintiff - Petitioner,

vs                                                     No. 08-CV-00122 RLP/ACT

**BOARD OF COUNTY COMMISSIONERS**
**FOR THE COUNTY OF SANTA FE**, et al,

    Defendants - Respondents.

## REPLY TO RESPONSE TO MOTION
## TO CERTIFY QUESTION TO THE NEW MEXICO SUPREME COURT

    To summarise Defendant County's contention (the other defendants don't have a dog in this fight), under Rule 1-075 NMRA controls and the standard of law to be followed in reviewing legal questions is the arbitration standard, manifest disregard of the law. Given there is a line of cases supporting deference to management's penalty decision and under the manifest disregard of the law standard, there is really nothing to certify. That is Defendant's argument.

    Defendant County's argument fails because: (a) Rule 1-075 does not technically apply to these proceeding, and (b) the manifest disregard of the law does not apply to this proceeding and to hold that it does would undo decades of well established administrative law in the public employment, non collective bargaining arena.

    Defendant misreads the Court's Memorandum Opinion [Doc. 53] at page 9. This Court did not hold Rule 1-075 applied to this proceeding. As this Court knows, Rule 1-075 is a rule of procedure and as such does not apply in federal court since federal courts have their own rules of civil procedure. The Rule 1-075 issue arose out of the substantive

1

requirement to file within thirty (30) days of the decision. The Plaintiff originally filed his writ of certiorari in state court within the time frame of Rule 1-075. This Court acknowledged that the action was timely filed in state court, then Plaintiff voluntarily dismissed his state court case. Under New Mexico's savings clause, Plaintiff had six months to re-flie. This action was timely re-filed in federal court. This Court agreed. The discussion of Rule 1-075 was about timeliness of the appeal which may implicate "substantive" matters and not procedural ones. Thus, Defendant's argument is misplaced and should be rejected.

Defendant next argues that since this was an "arbitration". Under the rules of arbitration, the rule of manifest disregard of the law standard applies. This is an erroneous statement of law as it applies to this case.

This proceeding is technically not an arbitration in its true sense. There is no collective bargaining agreement. There is no allegation by either side that the Plaintiff is covered by collective bargaining agreement. Defendant has neither argued nor produced any collective bargaining agreement which applied to Plaintiff. Why? Because there is no decision. The administrative proceedings are governed by the County's own personnel policies. [Doc 69-2]. The Country's own policies use "hearing officer". [Doc. 69-2 at §8.3(D)].

Defendant has "misconstrued the Court's role in this proceeding". Response at 2 [Doc. 71]. Defendant's argument is contrary to numerous New Mexico decisions in reviewing administrative determinations. E.g., Atlixco Coalition v. Maggiore, 1998-NMCA-134, ¶¶ 17, 19, 125 N.M. 786, 965 P.2d 370 (requiring a statement of reasons for adjudicative action taken by administrative agency, one purpose of which is to allow for meaningful judicial review); Akel v. N.M. Human Servs. Dep't, 106 N.M. 741, 743,

749 P.2d 1120, 1122 (Ct. App.1987) (stating that for adequate appellate review "the hearing officer's decision [must] adequately reflect the basis for [the] determination and the reasoning used in arriving at such determination"); see also NMSA 1978, § 39-3-1.1(B)(1) (reflecting our Legislature's view that administrative agencies should provide written factual and legal bases for their orders in their decisions); NMSA 1978, § 39-3-1.1(D) (setting out the scope of review of an administrative decision: (a) arbitrary and capricious, (b) not supported by substantial evidence, and (c) did not act in accordance with the law); NMSA 1978, § 74-9-27(B)(1) (same); NMSA 1978, § 74-9-29(B)(1) (same). Even New Mexico Administrative Procedures Act states that the appropriate standard of review is contrary to law. NMSA 1978, § 12-8-16. The New Mexico APA provision incorporates by reference NMSA 1978, § 39-3.1.1 which sets forth the standard as articulated above. The undersigned could not find a single public employment case decided under New Mexico law that the manifest disregard was applied in a non collective bargaining agreement situation. The upshot is that the arbitration principle of "manifest disregard of the law" standard does not apply.

In light of the fact that New Mexico has not addressed this precise issue, whether New Mexico would follow Defendant's position is unknown. Accordingly, it may well be true that Defendant's position would constitute a manifest disregard of the law given New Mexico's view of the scope of review that a hearing officer is to follow.

Should this Court does have a question as to whether New Mexico has adopted the manifest disregard standard in the context of a writ of certiorari of a public employment proceeding in a non collective bargaining context, then this Court should certify this question to the New Mexico Supreme Court along with the one proposed. The basis for this suggestion stems from Defendant County's position which seeks to undo decades of

3

well established principles of administrative law in the non collective bargaining agreement context and especially since this Court's decision will impact tens of thousands of public employees throughout New Mexico.

Defendant argues that since the hearing officer relied upon cases outside of New Mexico, therefore the decision is supported by the law.  That begs the question as to whether New Mexico subscribes to that line of cases or the line of authority as stated in his Motion to Certify Question to the New Mexico Supreme Court at 4 [Doc. 69] and the Motion for Order Reversing Administrative Decision at 6-10 [Doc. 70].   It is respectfully submitted that this is a fundamental question of state law for which this Court should not guess as to what a New Mexico court would do.

This case turns on the interpretation of New Mexico Constitution and its common law.  The Tenth Circuit in Kysar v. Amoco Production, 73 Fed.Appx. 349, 2003 WL 21938676 (10th Cir. 2003), on its own motion certified questions of law because there was no controlling precedent in New Mexico and because it would be determinative.   The Tenth Circuit freely has used the certification process.  Some examples are:  Kansas Judicial Review v. Stout, 519 F.3d 1107, 1118-22 (10th Cir. 2008) (interpretation of Kansas judicial canons); Pino v. United States, 507 F.3d 1233, 1236 (10th Cir. 2007) (wrongful death; the Tenth Circuit uses certification to give "meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state, not federal, courts"); Ball v. Wilshire Ins. Co., 498 F.3d 1084 (10th Cir. 2007) (interpretation of motor vehicle insurance policy in light of compulsory insurance statute); Tabor v. Metal Ware Corp., 182 Fed. Appx. 774, 2006 WL 1520771  (10th Cir. 2006) (*sua sponte*; product liability for food dehydrator); Randall v. Travelers Cas. & Sur. Co., 450 F.3d 1115 (10th Cir. 2006) (*sua sponte*; assignment of

4

insurance policy); Hartford Ins. Co. v. Cline, 427 F.3d 715 (10th Cir. 2005) (definition of family member); Professional Bull Riders, Inc. v. Autozone, Inc., 123 Fed. Appx. 879, 882, 2000 WL 34494801 at *3  (10th Cir. 2005); Strong v. Laubauch, 65 Fed. Appx. 206, 207, 2003 WL 1921809 at *1 (10th Cir. 2003) (*sua sponte*; garnishment of workers compensation proceeds); Ballard v. Independent School Dist. No. 4, 320 F.3d 1119 (10th Cir. 2003) (*sua sponte*; meaning of statutory term "moral turpitude"); Leonard v. McMorris, 272 F.3d 1295 (10th Cir. 2001) (*sua sponte*; wage statute); Richardson v. Navistar Int'l Transp. Corp., 170 F.3d 1264 (10th Cir. 1999)(comparative fault).

In Kansas Judicial Review v. Stout, 519 F.3d at 1119, our Tenth Circuit Court of Appeals explained the reasons why federal courts should certify questions of state law:

> [T]he [United States] Supreme Court has expressed a preference for certifying questions to a state's supreme court. Certification "allows a federal court faced with a novel state-law question to put the question directly to the State's highest court," and has the advantages of "reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response"from the state court. Arizonans for Official English v. Arizona, 520 U.S. 43, 76, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997). In addition, the procedure promotes "cooperative judicial federalism," Lehman Bros. v. Schein, 416 U.S. 386, 391, 94 S. Ct. 1741, 40 L. Ed. 2d 215 (1974), particularly in circumstances where a state court "has not yet had the opportunity to interpret the pertinent statutory language," Dorman v. Satti, 862 F.2d 432, 435 (2d Cir. 1988) (*citing* Virginia v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 397, 108 S. Ct. 636, 98 L. Ed. 2d 782 (1988)).

All of these factors are at work in the present case.  There is no New Mexico law. Defendant concedes by silence there is no  New Mexico decision on point.  Neither side has found any New Mexico authority.  The answer to this question affects tens of thousands of public employees in New Mexico.  The decision of this question is determinative of a large portion of this case.  Plaintiff would have prevailed in reversing the administrative decision.  Plaintiff would have to be reinstated to his former position with back pay and back benefits awarded which would in turn potentially impact the civil rights

claims and the damages recoverable under them. These are all compelling reasons to certify the question(s) to the New Mexico Supreme Court.

Respectfully submitted

*[signature]*

MICHAEL SCHWARZ
Counsel for Plaintiff
NM Bar No. 2412 ■ Federal Bar No. 9485
P O Box 1656
Santa Fe, NM 87504-1656
505.988.2053 ■ 505.983.8656 (FAX)

## CERTIFICATE OF SERVICE

I certify that on 24 October 2008 that I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing to:

Kevin M Brown
kevin@brownandgerman.com

Daniel J. Macke
dan@roblesrael.com

*[signature]*

MICHAEL SCHWARZ