IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY A. MERRIFIELD,

    Plaintiff,

v.                                                                    Civ. No. 08-122 RLP/ACT

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SANTA FE, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants Board of County Commissioners (the Board), Abeyta, Salazar, and Romero Motion for Summary Judgment on Plaintiff's due process and First Amendment claims; and on Defendant Parrish's Motion for Summary Judgment on Plaintiff's First Amendment claim.[1]

For the reasons set forth below, the motions are granted as to the due process claims against Defendants Board, Abeyta, Salazar, and Romero in their individual and official capacities. The Court will deny the motions for summary judgment as to the First Amendment claims and allow discovery on this issue for forty-five (45) days from entry of this order.

Plaintiff was employed by the County of Santa Fe as a Youth Services Administrator. He was charged with sending sexually suggestive pictures via e-mail and cell phone to other County employees, including a subordinate, during working hours in violation of the County's policies. On March 8, 2007 Plaintiff was provided with a pre-termination hearing and was represented by counsel. At the conclusion of this hearing, he was terminated from his

---

[1] No due process claim was brought against Defendant Parrish.

employment. He appealed the termination and the Hearing Officer selected by the County heard evidence for nine days over a three-month period. At this post-termination hearing Plaintiff was again represented by counsel and had the opportunity to present evidence and cross-examine witnesses. Plaintiff alleges that the pre-termination hearing did not comply with the procedures set forth in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985); Defendants argue they have qualified immunity on this claim.

### Qualified Immunity

A claim against a municipal official in her official capacity is treated as a claim against the entity itself. *Kentucy v. Graham*, 473 U.S. 159, 166 (1985). Therefore, when a § 1983 complaint asserts a claim against a municipal entity and a municipal official in her official capacity, the claims are duplicative. By contrast, an individual (or personal) capacity claim seeks monetary recovery payable out of the responsible official's personal finances. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). These individual liability defendants may assert the defense of qualified immunity against their personal liability. *Beedle v. Wilson*, 422 F.3d 1059, 1069 (10th Cir. 1978).

> Government officials are entitled to qualified immunity from liability for civil damages under § 1983 when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Shrum v. City of Coweta*, 449 F.3d 1132, 1137 (10th Cir. 2006).

> Once a defense of qualified immunity has been raised, we consider two questions (1) whether the alleged conduct violated a constitutional right, and if so, (2) whether the law was clearly established at the time of the defendant's actions.

*Id.* at 1138.

Pursuant to *Pearson v. Callahan*, -- U.S.--, 129 S.Ct. 808 (2009), the Court may determine the two foregoing questions in any order. *See Christensen v. Park City Municipal Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Due Process Claim

Plaintiff's procedural due process claim is that the pre-termination hearing did not comply with the requirements set forth in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). That case holds that a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546.

Plaintiff complains that he was not apprised of "all" of the charges or evidence against him and did not have a meaningful opportunity to respond. Plaintiff did have counsel at the hearing and did respond to the charges and evidence. He appealed the decision to terminate him and was afforded a full evidentiary hearing with an unbiased hearing officer. *See* Memorandum Opinion and Order of December 31, 2008 [Doc. 83].

As stated by the Tenth Circuit Court of Appeals, "a plaintiff is not entitled to an extensive or formal pre-termination hearing if there are adequate post-termination procedures." *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1256 (10th Cir. 1998). *See Benavidez v. Albuquerque*, 101 F.3d 620, 627 (10th Cir. 1996) ("Because it is followed by post-termination proceedings, the pre-termination hearing is not meant to resolve definitively the propriety of the discharge, but only to determine whether there are reasonable grounds to believe the charges are true and the action is correct.").

Based on the foregoing, the Court finds that because no due process violation occurred, Defendants are entitled to summary judgment on this claim.

<u>First Amendment claims</u>

Plaintiff states in his Complaint that:

> Defendants County, acting through Defendants Romero and Parrish with either the tacit or express approval of Defendant Abeyta, made it clear that if Plaintiff "lawyered-up" during the investigatory and/or disciplinary process, they would make his life extremely difficult and intolerable and that termination would most likely be the result regardless of the merit of Plaintiff's position.

Complaint, ¶ 51.

Plaintiff further alleges that Defendant Parrish told him he would be terminated if Plaintiff obtained legal counsel, *id.* at ¶ 53, and he argues that the County, through its employees financially backed a lawsuit against Plaintiff and provided perjorative references to future employers. *Id.* at ¶¶ 54(a)-(b). Plaintiff alleges the foregoing acts were in violation of his First Amendment right of association with counsel.

"The right to retain and consult an attorney . . . implicates . . . clearly established First Amendment rights of association and free speech." *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990). A government cannot impede an individual's ability to consult with counsel on legal matters. *Bates v. State Bar of Ariz.*, 433 U.S. 350, 376 n.32 91977).

In *Shrum v. City of Coweta, Oklahoma*, 449 F.3d 1132 (10th Cir. 2006), the court noted that neither the Tenth Circuit Court of Appeals nor the United States Supreme Court have ever decided whether a freedom of association claim must involve a matter of public concern. *Id.* at 1139. The *Shrum* court noted that this issue "has divided the Courts of Appeals." *Id.* at n.3 (citing cases).

In *Carreon v. Illinois Dept. of Human Svcs.*, 395 F.3d 786 (7th Cir. 2005) the court stated that while there is authority "for the proposition that a governmental employee's right

4

to associate with his lawyer extends to matters of private concern[,] . . . such freedom of association does not necessarily imply an unconditional right to meet with counsel in any governmental venue at any time." *Id.* at 796 (citing *United States Postal Serv. v. Council of Greenburgh Civic Assoc.*, 453 U.S. 114, 129 (1981)).  The *Carreon* court stated that "[t]he right of access depends upon whether the forum at issue is (i) a traditional public forum; (ii) a forum made public by designation; or (iii) a nonpublic forum." *Id.*

At this point in the proceedings, the Court does not have enough information as to whether summary judgment is appropriate on the First Amendment claims. It appears from the parties submissions that some discovery is advisable on this issue and also briefing on the relevant law. Extended factual and legal discussion will assist the Court in making its determination. Accordingly, Defendants' Motions for Summary Judgment on the First Amendment issue is denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment on the Due Process Claim [Doc. 89] is **granted**;

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment on the First Amendment Claim [Doc. 89 & Doc. 91] are **denied**;

IT IS FURTHER ORDERED that the parties shall undertake discovery on the First Amendment claim for 45 days from date of entry of this Order and submit dispositive motions, if any, 45 days after close of discovery.

IT IS SO ORDERED.

_____
Honorable Richard L. Puglisi
United States Magistrate Judge