IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY A. MERRIFIELD,

    Plaintiff,

v.                                                 Civ. No. 08-122 RLP/ACT

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SANTA FE, *et al.*,

    Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came before the Court on the issue of whether Plaintiff is entitled to back pay, front pay, or any other monetary relief due to the Defendants' failure to reinstate Plaintiff after the Court issued its Memorandum Opinion and Order on December 31, 2008 [Doc. 83]. The Court held a hearing on July 1, 2010 and has considered the parties' arguments and submissions and now issues its Findings of Fact and Conclusions of Law.

### Findings of Fact

1. Plaintiff Billy A. Merrifield was employed by the County as a Youth Services Administrator, a supervisory position.

2. Merrifield was terminated on March 21, 2007.

3. After appealing his termination, a post-termination hearing was held on several days in 2007.

4. The Hearing Officer adopted the arbitrary and capricious standard of review and found that there was just cause for discipline and upheld the termination. However, the Hearing Officer determined that had she conducted a *de novo* review of the record, she would have found that Merrifield should be suspended without pay for five weeks and demoted to a non-supervisory position.

5. Merrifield appealed to federal court and the Court found that the standard of review should have been *de novo* and found that the Hearing Officer's alternative ruling was supported by substantial evidence. The Court ordered that Merrifield was to be suspended for five weeks without pay and demoted to a non-supervisory position with the County.

6. The Hearing Officer did not specify any position the County was to offer Merrifield, or the rate of pay he should receive with his demotion.

7. Santa Fe County Policy 2.19 defines demotion as "Involuntary classification reduction for disciplinary reasons to a position in a lower classification for which the employee qualifies, with a reduction in pay."

8. Other County employees who have been demoted, either voluntarily or involuntarily, have also received a reduction in pay.

9. Defendant Greg Parish's position was changed due to a reorganization, not a demotion, and his rate of pay did not change.

10. The highest level non-supervisory position available, and for which Merrifield was suited according to his training and experience, was that of a Detention Officer.

11. Merrifield's cut in pay was substantial, due to the fact that a non-supervisory Detention Officer's rank was five (5) grade levels below Merrifield's supervisory Adminstrator position.

12. A Detention Officer position is subject to a collective bargaining agreement (CBA) between the union and Santa Fe County. Based upon Merrifield's experience and the contractual requirements of the CBA, the rate of pay applicable for the calculation of back pay is:

      a.      From April 29, 2007[1] through January 18, 2008: $14.50 per hour.

      b.      January 19, 2008 through March 28, 2008:   $15.08 per hour.

      c.      March 29, 2008 through December 31, 2009:   $16.00 per hour.

      d.      January 1, 2009 through March 5, 2010:   $16.48 per hour.

13.    On March 6, 2010, Merrifield began working for the Public Regulation Commission (PRC), where he conducts investigations and inspections, at a rate of pay of $18.36 per hour. As of that date, he is earning more at the PRC than he would earn as a Detention Officer in Santa Fe County.

14.    Merrifield is not entitled to front pay because he has been made whole through his employment at the PRC.

15.    The parties agree that reinstatement is not practical due to the hostility between the parties.

16.    Defendants' expert economist, Allen Parkman, Ph.D., found that the amount of back pay that should be awarded to Merrifield, which comprises the hourly rates shown above at ¶ 12 and some restoration of retirement benefits, totals $28,064.21.

17.    Since Merrifield has not been reinstated, he is also entitled to 103.52 hours of accumulated sick leave and holiday pay, which he accrued at his supervisory rate of pay of $27.07 per hour, which totals $2,802.29.

## Conclusions of Law

1.    The Court has jurisdiction over the parties and subject matter.

2.    Merrifield is entitled to a back pay award of $30,866.50.

---

[1] Merrifield was terminated on March 21, 2007; the April 29, 2007 date takes into consideration the five weeks for which he was suspended without pay.

3. Front pay is an equitable remedy. *Collado v. City of Albuquerque*, 45 P.3d 73, 77-78 (N.M. Ct. App. 2002).

4. If an employee cannot be reinstated, then front pay may be awarded to make the plaintiff whole. *George v. Kansas State Univ.*, 1992 WL 88020, *1 (D. Kan. 1992) (unpublished opinion).

5. Merrifield has been made whole by his employment with the PRC and the award of back pay.

6. The Hearing Officer's ruling held that Merrifield should be demoted to a non-supervisory position. The difference in the rate of pay between Merrifield's supervisory position and the non-supervisory rank of Detention Officer is not unreasonable and comports with the County's policies.

7. Merrifield is not entitled to an award of front pay.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff is entitled to an award of back pay in the amount of $30,866.50.

IT IS SO ORDERED.

_____
Richard L. Puglisi
Chief United States Magistrate Judge